UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CYNTHIA A. BROOKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-08-69 |
| | § | |
| ARANSAS COUNTY, TEXAS | § | |
| AND MARK GILLIAM, SHERIFF, | § | |
| ARANSAS COUNTY, TEXAS | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER & OPINION**

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. No. 14). After considering the motion, response, reply, record, and applicable law, the Court is of the opinion that the motion should be GRANTED.

**Factual and Procedural Background**

Cynthia Brookes ("Brookes" or "Plaintiff") is a Hispanic female and was employed as a jailer at the Aransas County Sheriff's Office. Brookes worked for the Aransas County Sheriff's Office on at least three different occasions. (Dkt. No. 14, Ex. B at 9:16-16:4, 27:8-29:16). Brookes was hired, with respect to her most recent stint at the Sheriff's Office, sometime in 2004 and was terminated on May 30, 2007, because her state required jailer's license had expired. (*Id.* at 29:2-16, 58:11-18, 88:5-8). Brookes' termination papers included a notation that she was eligible for rehire. (*Id.* at 69:15-70:8). Following Brookes' termination, she had a conversation with Chief Deputy Rick McLester. (*Id.* at 64:15-17). During that conversation, Brookes articulated her desire to return to work after she fulfilled her licensing requirements. (*Id.* at 65:1-67:13). McLester told Brookes that he could not assure her that she would be rehired, but he did

imply that there was a possibility Brookes might be rehired if the position was not filled after she satisfied her licensing requirements. (*Id.*). Brookes claims that she reapplied for the jailer position at least four times following her termination. (*Id.* at 76:24-80:3).

Following a charge of discrimination with the EEOC, Brookes filed suit against Aransas County and Sheriff Mark Gilliam under Title VII, alleging discrimination based upon race and gender.

Brookes claims she was discriminated against and treated differently when an Anglo male jailer was given an opportunity to maintain his employment following the expiration of his state required jailer's license.[1] (Dkt. No. 15 at 1). Brookes also claims that she was not rehired after she obtained her jailer's license despite her application and experience as a jailer with the Aransas County Sheriff. (*Id.* at 1-2).

## Standard of Review

A motion for summary judgment shall be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the Court construes factual controversies in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998). If the burden of proof at trial lies with the nonmovant, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*,

---

[1] This Anglo male, Calvin Ballinger, performed duties that did not require a jailer's license while awaiting reinstatement of his license.

477 U.S. 317, 323 (1986).  The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case.  *Id.* at 323.

The nonmoving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  Needless to say, unsubstantiated assertions are not competent summary judgment evidence.  *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## Discussion

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a).  To evaluate Title VII

claims of race discrimination based on circumstantial evidence, the Court applies the evidentiary burden-shifting framework derived from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  This framework requires a charging party to first establish a prima facie case.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).  If the plaintiff makes out a prima facie case, a presumption of discrimination arises and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions.  *See McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).  If the defendant meets its burden, the burden then returns to the plaintiff to generate a genuine issue of material fact that either (1) the defendant's reason is false and merely served as pretext for the discrimination; or (2) the defendant's reason, although true, was only one of the reasons for its action and that some unlawful discrimination was a motivating factor in the defendant's decision.  *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Crawford v. U.S. Dep't of Homeland Sec.*, 245 Fed. App'x 369, 377-78 (5th Cir. 2007).

      To establish a prima facie case of discrimination, Brookes must show (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) other, similarly-situated individuals who are outside the protected class were treated more favorably.  *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).  Defendants concede, only for the purposes of summary judgment, that Brookes is able to establish elements one and three of her prima facie case.  However, they claim that she cannot establish a prima facie case for either of the two incidents on which she bases her Title VII claim.  The Court will discuss the two incidents separately.

I.  **Defendants' Refusal to Allow Brookes to Remain Employed Despite Her Expired License**

Defendants claim that Brookes cannot establish elements two or four of her prima facie case on her "termination" claim. With respect to element two—whether Brookes was qualified for the jailer position—Brookes has not offered any evidence that she was qualified. In fact, the evidence shows that she was *not* qualified to serve as a jailer, as her state-required jailer's license had expired. (Dkt. No. 14, Ex. B at 20:10-21:24).

Even if Brookes was able to offer evidence that she was qualified for the jailer position, she is not able to satisfy element four of her prima facie case—that another, similarly-situated individual outside the protected class was treated more favorably than her. Brookes claims that Calvin Ballinger—an Anglo male—was treated more favorably than her because he was permitted to stay on at the Aransas County Sheriff's Office while he fulfilled the necessary requirements to have his expired jailer's license reinstated. (*Id.* at 89:14-94:14).

However, Brookes has failed to offer competent summary judgment evidence to support this contention. The evidence Brookes offers, regarding Ballinger, is inadmissible hearsay. To support her allegations about Defendants' actions toward Ballinger, Brookes points to her deposition testimony that Ballinger "told [her]" that his license expired and he was permitted to stay on and that "he said, 'My licen[c]e expired.'" (*Id.* at 91:5-12). The Court agrees with Defendants that the evidence relied on by Brookes is inadmissible hearsay under Federal Rules of Evidence Rule 801, and Plaintiff has not convinced the Court that the statement should be excluded from the definition of hearsay or that a hearsay exception applies. Accordingly, there is no competent summary judgment evidence before the Court to support Brookes' claim that another, similarly-situated individual—who is not Hispanic or female—was treated more

favorably than her.

Moreover, even if Brookes could offer competent summary judgment evidence regarding Defendants' treatment of Ballinger, Brookes has not established that Ballinger is a valid "comparator," as the Fifth Circuit has held that the "comparator" must be "nearly identical" to the plaintiff in all material respects. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). While "nearly identical" is not "synonymous with 'identical,'" *Lee*, 574 F.3d at 260, Brookes has not offered much in the way of evidence to demonstrate that Brookes and Ballinger were "nearly identical." Brookes has not offered any evidence to show that she and Ballinger possessed a similar employment record, performed similar job duties, asked to work in another area while seeking reinstatement of their jailer's licenses, or were facing termination at a time when other job openings were available. *See id.*

Accordingly, Brookes cannot establish her prima facie case with respect to her first claim of discrimination.

## II. Defendants' Failure to Rehire Brookes

Brookes also claims that Defendants should have rehired her after she obtained her jailer's license and reapplied. Defendants claim that Brookes is not able to establish element four of her prima facie case—that another, similarly-situated individual outside the protected class was hired instead of Brookes. The Court agrees that Brookes has produced no summary judgment evidence that tends to show that a person who was not female or Hispanic was hired by Aransas County. Because Brookes cannot prove a prima facie case, the burden of production does not shift to the Defendants to articulate legitimate, nondiscriminatory reasons for their

actions.  Accordingly, summary judgment is appropriate.

## Conclusion

Because the Court finds that Brookes has failed to establish a prima facie case of race or gender discrimination, Defendants' Motion for Summary Judgment (Dkt. No. 14) is GRANTED.

It is so **ORDERED**

Signed this 4th day of January, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE